LESCHES LAW
LEVI LESCHES — Cal. Bar No. 305173
5757 Wilshire Boulevard, Suite 535
Los Angeles, CA 90036
Phone: (323) 900-0580
Email: levi@lescheslaw.com

ATTORNEYS FOR
Plaintiff Azria Family Trust dated August 11, 1995, as amended and restated December 28, 2017, by and through its successor co-Trustees Joyce J. Azria and Michael H. Azria

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Azria Family Trust dated August 11, 1995, as amended and restated December 28, 2017, by and through its successor co-Trustees Joyce J. Azria and Michael H. Azria,<br><br>Plaintiff,<br><br>v.<br><br>UBS Bank USA, National Association (f/k/a UBS Bank USA, a Utah corporation); DOES 1 through 5.<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF:**<br><br>**(1) DECLARATORY JUDGMENT UNDER RESPA — 12 U.S.C. 2605(f); 12 C.F.R. § 1024.41; 12 C.F.R. § 1024.39(b)(2)**<br><br>**(2) DECLARATORY JUDGMENT & CANCELLATION (CONTRACT — FORFEITURE OF POWER OF SALE)**<br><br>**(3) DECLARATORY JUDGMENT & CANCELLATION (CONTRACT — FORFEITURE OF RIGHT OF ACTION)** |

(4) **DECLARATORY JUDGMENT (*CAL. CIV. CODE* § 2924.17, § 2924.19)**

(5) **INJUNCTIVE RELIEF (*CAL. CIV. CODE* §§ 2924.12, 2924.17, 2924.19)**

(6) **INJUNCTIVE RELIEF (*CAL. CIV. CODE* § 2924f, § 2924b; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182)**

(7) **DECLARATORY JUDGMENT (*CAL. CIV. CODE* § 2924f, § 2924b; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182)**

## JURISDICTION & VENUE

1. **Plaintiff Azria Family Trust** dated August 11, 1995, as amended and restated December 28, 2017, is a trust that is filing suit by and through its successor co-Trustees Joyce J. Azria and Michael H. Azria.

2. Trustee Joyce Azria is a domiciliary of the State of Florida.

3. Trustee Michael H. Azria is a domiciliary of the State of California.

4. **Defendant UBS Bank USA**, National Association was, on information and belief, approved on or about March 20, 2026, by the Office of the Comptroller of the Currency (OCC) to convert from a Utah-chartered industrial bank into a nationally chartered bank. Prior to such time, Defendant was a Utah corporation.

5. Defendant UBS Bank USA is, on information and belief, headquartered at 95 State Street, Suite 2200, Salt Lake City, UT 84111.

6. Plaintiff is informed and believes that Doe Defendants 1 through 5 are

individual agents of UBS Bank USA. Plaintiff shall amend with the name of the fictitiously-named Defendants, after Plaintiff learns the identities of those Defendants that have engaged in the wrongful acts described herein and/or that have availed themselves to personal jurisdiction in the instant district.

7. Federal jurisdiction over Plaintiff's causes of action further arises pursuant to § 1331 of title 28 of the *United States Code* because Plaintiff's First Cause of Action "aris[es] under the Constitution, laws, or treaties of the United States."

8. Federal jurisdiction over Plaintiff's causes of action further arises pursuant to § 1332 of title 28 of the *United States Code* because complete diversity exists between the Plaintiffs and the Defendant; and Plaintiff seeks declaratory judgment and injunctive relief relating to a $30,000,000 mortgage.

9. Federal jurisdiction over Plaintiff's causes of action further arises pursuant to § 1367 of title 28 of the *United States Code* because all Plaintiff's state-law Causes of Action form part of the same case or controversy as Plaintiff's First Cause of Action.

10. Because "part of the events or omissions giving rise to the claim" occurred in the Central District for the State of California, venue in this Court is appropriate, pursuant to subdivision (b)(2) of § 1391 of title 28 of the *United States Code*.

11. Defendants are subject to personal jurisdiction in this district and state because, on information and belief, they directed their conduct towards certain real property located in Los Angeles County, and committed the various acts and omissions alleged herein, with respect to certain real estate located in Los Angeles County and/or with respect to certain Trustees (Lubov Azria, Sara Skousen, Joyce Azria, Michael Azria) that were known to Defendant to be transacting from California and/or with respect to a California trust.

## GENERAL ALLEGATIONS

12. In or about December 2017, nonparty Max Azria, in his personal capacity, Lubov Azria, in her personal capacity, and the Azria Family Trust, signed a December 15, 2017 promissory note in the principal amount of $30,000,000.00 in favor of UBS Bank USA. Max Azria, Lubov Azria, and the Azria Family Trust signed such promissory note as jointly and severally liable co-borrowers.

13. In association with such loan, the Azria Family Trust, as mortgagor, granted a Deed of Trust with power of sale in favor of Defendant UBS Bank USA, as beneficiary, over certain valuable real property commonly known as 10250 Sunset Blvd, Los Angeles, CA 90077 ("Sunset Property"). Such Deed of Trust was recorded with the Los Angeles County Registrar–Recorder on December 20, 2017, as Instrument No. 2017147920 ("DOT").

14. At that time, and since such time, the Azria Family Trust was the sole owner of the fee interest in the Sunset Property.

15. On information and belief, the transaction associated with such December 15, 2017 promissory note constituted a combination of: (a) the "refinance [of] a purchase money loan"; and (b) "new advance" (and, consequently, "new credit transaction") within the meaning of subdivision (b) of section 580b of the *California Civil Code*, because the loan partially refinanced a Duetsch Bank loan, that is understood to have potentially constituted a purchase money loan, together with the advance of additional amounts in excess of $4,000,000 as a new advance.

16. Thereafter, in 2022, UBS Bank USA and nonparty Lubov Azria executed a modification of the Loan that converted the identities of the borrowers from Max Azria, Lubov Azria, and the Azria Family Trust, as co-borrowers, to solely Lubov Azria as borrower.

17. Since the time of the 2022 Modification, UBS Bank USA has consistently refused to recognize the Azria Family Trust as a borrower on the loan.

18. Pursuant to Defendant UBS Bank USA's repeated and ongoing assertion

that the Azria Family Trust was not, and is not, a Borrower, Defendant UBS Bank USA, and Does 1 through 20, have consistently rejected, and refused to cooperate with, the Azria Family Trust's requests to exercise borrower remedies, such as submitting a loss-mitigation application pursuant to Regulation X (RESPA).

19. Pursuant to Defendant UBS Bank USA's repeated and ongoing assertion that the Azria Family Trust was not, and is not, a Borrower, Defendant UBS Bank USA, and Does 1 through 20, have consistently failed to provide statements, notices, and notices to cure to Plaintiff; and continue to so refuse.

20. Pursuant to Defendant UBS Bank USA's repeated and ongoing assertion that the Azria Family Trust was not, and is not, a Borrower, Defendant UBS Bank USA, and Does 1 through 20, have consistently refused to engage with, or respond to, the Azria Family Trust's other efforts to seek foreclosure relief with respect to UBS Loan No. 0086210762.

21. Pursuant to Defendant UBS Bank USA's repeated and ongoing assertion that the Azria Family Trust was not, and is not, a Borrower, Plaintiff the Azria Family Trust served written demand on UBS Bank USA under section 2845 of the *California Civil Code* to advise that, in accordance with UBS Bank USA's election and/or agreement to convert the Azria Family Trust's status into that of a secondary obligor, UBS Bank USA was to first "pursue any other remedy in the creditor's power which the surety cannot pursue, and which would lighten the surety's burden." (*Cal. Civ. Code* § 2845; *see also id.*, § 2787 ["A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor"].)

22. Plaintiff Azria Family Trust further served, in accordance with the provisions of subdivision (e)(1) of section 2924f of the *California Civil Code* documents sufficient to demonstrate a listing agreement with a California licensed real estate broker to be placed in a publicly available marketing platform for the sale

of the Sunset Property.

23. Despite such communications, and despite material breaches of the DOT by Defendant, Defendant continues to maintain a Notice of Default against the Sunset Property.

## FIRST CAUSE OF ACTION

## 28 U.S.C. § 2201 JUDGMENT, UNDER 12 U.S.C. 2605(f); 12 C.F.R. § 1024.41; 12 C.F.R. § 1024.39(b)(2)

**By Plaintiff, against Defendant UBS Bank USA**

24. Plaintiff incorporates by reference ¶¶ 1 – 23 as though fully set forth herein.

25. Plaintiff has repeatedly requested to submit a loss-mitigation application pursuant to 12 C.F.R. § 1024.41. Defendant refused to provide such information to Plaintiff, and has repeatedly represented to Plaintiff that it is not entitled to any such information because Plaintiff is not a Borrower under the loan.

26. Plaintiff lacks records of receiving a 12 C.F.R. § 1024.39(b)(2) notice. Moreover, because Defendant will not recognize or acknowledge Plaintiff as a borrower, Defendant refuses to provide Plaintiff with copies of loan-related documents.

27. But-for Defendant's refusal to recognize Plaintiff's standing as a borrower on the loan, Plaintiff will have submitted a loss-mitigation application pursuant to 12 C.F.R. § 1024.41. Plaintiff has been unable to submit a loss-mitigation application pursuant to 12 C.F.R. § 1024.41, because Defendant refuses to provide Plaintiff with the necessary information that Plaintiff requires for purposes of presenting a loss-mitigation application.

28. An actual and present controversy exists between Plaintiff and Defendant. Plaintiff maintains that the acts and omissions alleged herein render Defendant liable to Plaintiff, under 12 U.S.C. 2605(f)(1)(A), for all damages that

Plaintiff will sustain by occasion of Defendant's refusal to provide Plaintiff's rights to loss mitigation under RESPA.

29. Plaintiff has made written demand to Defendant to comply with its RESPA obligations; to which demand Defendant has not responded.

30. Plaintiff is informed and believes, and thereon alleges, that Defendant does not intend to provide a 12 C.F.R. § 1024.39(b)(2) notice; that Defendant intends to refuse to allow Plaintiff to exercise its RESPA rights in accordance with Regulation X; and/or that Defendant will manipulate the foreclosure process so as to frustrate and/or subvert Defendant's ability to exercise its RESPA rights in accordance with Regulation X.

31. Accordingly, a count under § 2201 is appropriate and warranted, so as to "'declar[e] the rights and other legal relations' between [the] parties." *Labrecque v. NewRez LLC*, 2020 WL 4364215, at *2 (D.Ariz., 2020).

32. Moreover, because Plaintiff seeks a declaration regarding Defendant's legal obligations in the future, declaratory relief is appropriate and warranted. *Brown v. State Farm Fire & Casualty Company*, 2023 WL 5599630, at *5 (W.D.Mo., 2023); *Dahl v. Am. Bankers Ins. Co. of Fla*., No. CV-23-08584-PCT-DLR, 2024 WL 4904163, at *4 (D. Ariz. Nov. 27, 2024).

33. Plaintiff seeks judgment declaring *inter alia* that, to the extent that Defendant seeks to proceed against Plaintiff as a borrower under the loan, Defendant must:

a. rescind any Notice of Default recorded;
b. provide Plaintiff with a 12 C.F.R. § 1024.39(b)(2) notice;
c. accept, process, and respond to, Plaintiff's intended loss-mitigation application in accordance with the provisions of 12 C.F.R. § 1024.41 and other applicable law; and
d. other relief as may be deemed just and appropriate by the Court.

## SECOND CAUSE OF ACTION

## 28 U.S.C. § 2201 JUDGMENT & *CALIFORNIA CIVIL CODE* §§ 3412, 3414 TO DECLARE RIGHTS IN THE DEED OF TRUST FORFEITING THE POWER OF SALE

**By Plaintiff, against Defendant UBS Bank USA**

34. Plaintiff incorporates by reference ¶¶ 1 – 23 as though fully set forth herein.

35. Plaintiff alleges in the alternative that the Court should hold Defendant bound by its actions and course of conduct, and that, in accordance with Defendant's communications with Plaintiff, and in accordance with Defendant's refusal to provide Plaintiff with statutory rights and other borrower rights, the Court should enter declaratory judgment finding that Plaintiff is solely secondarily liable under the loan obligation pursuant to section 2787 of the *California Civil Code* and other similar authority.

36. Furthermore, Plaintiff seeks judgment declaring *inter alia* that:

a. pursuant to section 2845 of the *California Civil Code*, and pursuant to Plaintiff's written demand thereunder, Defendant cannot pursue any other remedy in the Defendant's power which Plaintiff cannot pursue, and which would lighten the Plaintiff's burden;

b. that pursuing judicial action against the individual contended by UBS to be the borrower, Lubov Azria, would lighten Plaintiff's burden;

c. that to the extent that Defendant neglects to pursue judicial action against the individual contended by UBS to be the borrower, Plaintiff is exonerated to the extent to which Plaintiff is thereby prejudiced.

37. An actual and present controversy exists between Plaintiff and Defendant. Plaintiff maintains that the acts and omissions alleged herein render

Plaintiff a secondarily liable party, and that Plaintiff is entitled to all defenses and rights afforded to a secondarily liable party.

38. Plaintiff has made written demand to Defendant pursuant to section 2845 of the California Civil Code, directing Defendant to cease efforts at enforcing the loan obligation against a secondarily liable party prior to exhausting remedies against the primarily liable party that would serve to lighten the obligation of the secondarily liable party; to which demand Defendant has not responded.

39. Because Plaintiff seeks a declaration regarding Defendant's legal obligations in the future, declaratory relief is appropriate and warranted. *Brown v. State Farm Fire & Casualty Company*, 2023 WL 5599630, at *5 (W.D.Mo., 2023); *Dahl v. Am. Bankers Ins. Co. of Fla*., No. CV-23-08584-PCT-DLR, 2024 WL 4904163, at *4 (D. Ariz. Nov. 27, 2024); *Won v. Wells Fargo Bank, N.A.,* No. 26-CV-03205-TSH, 2026 WL 1540058, at *11 (N.D. Cal. June 1, 2026).

40. In the alternative, Plaintiff seeks such relief under sections 3412 and 3414 of the *California Civil Code*.

**THIRD CAUSE OF ACTION**

**28 U.S.C. § 2201 JUDGMENT & *CALIFORNIA CIVIL CODE* §§ 3412, 3414 TO DECLARE RIGHTS IN THE DEED OF TRUST FORFEITING THE RIGHT OF ACTION**

**By Plaintiff, against Defendant UBS Bank USA**

41. Plaintiff incorporates by reference ¶¶ 1 – 23 as though fully set forth herein.

42. Plaintiff alleges in the alternative that the Court should hold Defendant bound by its actions and course of conduct, and that, in accordance with Defendant's communications with Plaintiff, and in accordance with Defendant's refusal to provide Plaintiff with statutory rights and other borrower rights, the Court should

enter declaratory judgment finding that Plaintiff is solely secondarily liable under the loan obligation pursuant to section 2787 of the *California Civil Code* and other similar authority.

43. Furthermore, Plaintiff seeks judgment declaring *inter alia* that:

a. a material conflict exists between Plaintiff's rights under section 2845 of the *California Civil Code*, and the borrower's rights (and/or Plaintiff's rights) under section 726 of the *Code of Civil Procedure,* the antideficiency statutes, and other relevant borrower protections;

b. that the mortgage beneficiary is, itself, responsible for creating that conflict, and/or that the mortgage beneficiary elected to pursue positions directly in conflict with in a manner that created direct conflict with section 726 of the *Code of Civil Procedure,* the antideficiency statutes, and other relevant borrower protections, (*see Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134; *Cooper v. Burch*, 3 Cal.App. 470, 471 (1906); *Crisman v. Lanterman*, 149 Cal. 647 (1906); *Hibernia S. L. Soc. v. Thornton*, 109 Cal. 427 (1895));

c. under *Hibernia* and its progeny, Defendant has no further right of action on the note or deed of trust.

44. An actual and present controversy exists between Plaintiff and Defendant. Plaintiff maintains that the acts and omissions alleged herein render the loan and deed of trust unenforceable, and Plaintiff is informed and believes that Defendant disputes such position.

45. Because Plaintiff seeks a declaration regarding Defendant's legal obligations in the future, declaratory relief is appropriate and warranted. *Brown v. State Farm Fire & Casualty Company*, 2023 WL 5599630, at *5 (W.D.Mo., 2023); *Dahl v. Am. Bankers Ins. Co. of Fla*., No. CV-23-08584-PCT-DLR, 2024 WL

4904163, at *4 (D. Ariz. Nov. 27, 2024); *Won v. Wells Fargo Bank, N.A.,* No. 26-CV-03205-TSH, 2026 WL 1540058, at *11 (N.D. Cal. June 1, 2026).

46. In the alternative, Plaintiff seeks such relief under sections 3412 and 3414 of the *California Civil Code*.

## FOURTH CAUSE OF ACTION

## 28 U.S.C. § 2201 JUDGMENT, UNDER *CAL. CIV. CODE* § 2924.17, § 2924.19

**By Plaintiff, against Defendant UBS Bank USA**

47. Plaintiff incorporates by reference ¶¶ 1 – 23 as though fully set forth herein.

48. Plaintiff alleges in the alternative Defendant has materially breached the Deed of Trust's conditions precedent to acceleration and commencement of its invocation of a power of sale.

49. As condition precedent to acceleration and invocation by the beneficiary of a power of sale, the beneficiary is contractually required to give a written notice. Specifically, the deed of trust requires:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in accel- eration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

50. Defendant refuses to recognize Plaintiff as the borrower. Plaintiff is informed that, for such reason, Plaintiff has not been provided with the notice that is contractually condition precedent to any acceleration and to any invocation of the power of sale.

51. Pursuant to section 2924.17 of the *California Civil Code*, a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

52. Plaintiff has made written demand to Defendant to rescind the Notice of Default, due to the aforementioned violation of section 2924.17 of the *California Civil Code*; to which demand Defendant has not responded.

53. An actual and present controversy exists between Plaintiff and Defendant. Plaintiff maintains that the acts and omissions alleged herein establish that there is no competent and reliable evidence to substantiate the borrower's default and the right to foreclose. Plaintiff is informed and believe that Defendant disputes such matters.

54. Sections 2924.19 and 2924.12 of the *California Civil Code* create a private right of action to enforce section 2924.17 of the *California Civil Code.*

55. Accordingly, because Plaintiff seeks a declaration regarding Defendant's legal obligations in the future, declaratory relief is appropriate and warranted. *Brown v. State Farm Fire & Casualty Company*, 2023 WL 5599630, at *5 (W.D.Mo., 2023); *Dahl v. Am. Bankers Ins. Co. of Fla*., No. CV-23-08584-PCT-DLR, 2024 WL 4904163, at *4 (D. Ariz. Nov. 27, 2024); *Won v. Wells Fargo Bank, N.A.,* No. 26-CV-03205-TSH, 2026 WL 1540058, at *11 (N.D. Cal. June 1, 2026).

///

///

///

## FIFTH CAUSE OF ACTION

## INJUNCTIVE RELIEF UNDER *CAL. CIV. CODE* § 2924.17, § 2924.19

**By Plaintiff, against Defendant UBS Bank USA**

56. Plaintiff incorporates by reference ¶¶ 1 – 23, and ¶¶ 47–55 as though fully set forth herein.

57. A trustee's deed upon sale has not been recorded. Accordingly, Plaintiff seeks injunctive relief under sections 2924.12(a) and/or 2924.19(a) of the *California Civil Code*.

## SIXTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

**By Plaintiff, against Defendant UBS Bank USA**

58. Plaintiff incorporates by reference ¶¶ 1 – 23 as though fully set forth herein.

59. Section 2924f(e)(1) of the *California Civil Code* provides, in relevant part:

> With respect to residential real property containing no more than four dwelling units that is subject to a power of sale contained in any deed of trust or mortgage, a sale of the property under the power of sale shall not be conducted until the expiration of an additional 45 days following the scheduled date of sale pursuant to subdivision (a) or (c) of Section 2924g if the trustee receives, at least five business days before the scheduled date of sale, from the mortgagor or trustor, by certified mail with the United States Postal Service or by another overnight mail courier service with tracking information that confirms the recipient's signature and the date and time of receipt and delivery, a listing agreement with a California licensed real estate broker to be placed in a publicly available marketing platform for the sale of the property at least five business days before the scheduled date of sale. The provisions of this paragraph shall not be used to postpone the scheduled sale date more than once.

60. Plaintiff alleges in the alternative that it has sent such documents to Defendant's trustee.

61. Plaintiff is informed and believes that Defendant refuses to accept such documents because Defendant is of the position that the 45-day extension provided for under section 2924f(e)(1) can only be exercised through mailing the specified documents *after* the recordation of a notice of sale. Plaintiff is informed and believes that Defendant is of the position that the documents mailed by Plaintiff are ineffectual to invoke the 45-day extension because Plaintiff mailed the documents before the recordation of a notice of sale.

62. Plaintiff alleges that Defendant's position is atextual, lacks any support in the statutory text or legislative history, and that Defendant's position is inconsistent with the very purpose for the enactment of such protections in AB 2424.

63. AB 2424 contains an implied right of action. (*See Ragland v. U.S. Bank Nat'l Assn*., 209 Cal. App. 4th 182, 201 (2012).)

64. Moreover, Defendant failed to give notice of the recordation of a Notice of Default in the manner required by subdivision (b)(4) of section 2924b of the *Civil Code*.

65. Plaintiff therefore seeks to enjoin Defendant, or Defendant's agents, from proceeding with the recordation of any notice of sale that seeks to set a date of sale prior to October 26, 2026; and/or Plaintiff therefore seeks to enjoin Defendant, or Defendant's agents, from proceeding with the recordation of any deed under subdivision (c) of section 2924 of the *California Civil Code*.

## SEVENTH CAUSE OF ACTION

## 28 U.S.C. § 2201 JUDGMENT, UNDER *CAL. CIV. CODE* § 2924f, § 2924b

**By Plaintiff, against Defendant UBS Bank USA**

66. Plaintiff incorporates by reference ¶¶ 1 – 23, and ¶¶ 59–65 as though fully set forth herein.

67. An actual and present controversy exists between Plaintiff and Defendant.

68. Plaintiff maintains that subdivision (e)(1) of section 2924f of the *Civil Code* bars Defendant proceeding with the recordation of any notice of sale that seeks to set a date of sale prior to October 26, 2026; and/or that Defendant failed to give notice of the recordation of a Notice of Default in the manner required by subdivision (b)(4) of section 2924b of the *Civil Code*.

69. Plaintiff is informed and believes that Defendant disputes such position.

70. Because Plaintiff seeks a declaration regarding Defendant's legal obligations in the future, declaratory relief is appropriate and warranted. *Brown v. State Farm Fire & Casualty Company*, 2023 WL 5599630, at *5 (W.D.Mo., 2023); *Dahl v. Am. Bankers Ins. Co. of Fla*., No. CV-23-08584-PCT-DLR, 2024 WL 4904163, at *4 (D. Ariz. Nov. 27, 2024); *Won v. Wells Fargo Bank, N.A.,* No. 26-CV-03205-TSH, 2026 WL 1540058, at *11 (N.D. Cal. June 1, 2026).

71. AB 2424 contains an implied right of action. (*See Ragland v. U.S. Bank Nat'l Assn*., 209 Cal. App. 4th 182, 201 (2012).)

72. Plaintiff therefore a declaratory judgment to establish that the recordation of a deed under subdivision (c) of section 2924 of the *California Civil Code* would constitute a wrongful and/or void and/or malicious act.

## **PRAYER FOR RELIEF**

Plaintiff Azria Family Trust dated August 11, 1995, as amended and restated December 28, 2017, by and through its successor co-Trustees Joyce J. Azria and Michael H. Azria, accordingly prays for relief against Defendant UBS Bank USA, N.A. f/k/a UBS Bank USA;

///

///

**On the First Cause of Action:**

1. A judicial declaration declaring *inter alia* that, to the extent that Defendant seeks to proceed against Plaintiff as a borrower under the loan, Defendant must:
    a. rescind any Notice of Default recorded;
    b. provide Plaintiff with a 12 C.F.R. § 1024.39(b)(2) notice;
    c. accept, process, and respond to, Plaintiff's intended loss-mitigation application in accordance with the provisions of 12 C.F.R. § 1024.41 and other applicable law; and provide
    d. other relief as may be deemed just and appropriate by the Court.
2. Plaintiff's attorneys' fees;
3. Plaintiff's costs of suit.

**On the Second Cause of Action:**

1. A judicial declaration declaring *inter alia* that:
    a. pursuant to section 2845 of the *California Civil Code*, and pursuant to Plaintiff's written demand thereunder, Defendant cannot pursue any other remedy in the Defendant's power which Plaintiff cannot pursue, and which would lighten the Plaintiff's burden;
    b. that pursuing judicial action against the individual contended by UBS to be the borrower, Lubov Azria, would lighten Plaintiff's burden;
    c. that to the extent that Defendant neglects to pursue judicial action against the individual contended by UBS to be the borrower, Plaintiff is exonerated to the extent to which Plaintiff is thereby prejudiced.
2. In the alternative, cancellation of the nonjudicial power of sale.
3. Plaintiff's attorneys' fees;
4. Plaintiff's costs of suit.

///

**<u>On the Third Cause of Action:</u>**

1. A judicial declaration declaring *inter alia* that:
    a. a material conflict exists between Plaintiff's rights under section 2845 of the *California Civil Code*, and the borrower's rights (and/or Plaintiff's rights) under section 726 of the *Code of Civil Procedure,* the antideficiency statutes, and other relevant borrower protections;
    b. that the mortgage beneficiary is, itself, responsible for creating that conflict, and/or that the mortgage beneficiary elected to pursue positions directly in conflict with in a manner that created direct conflict with section 726 of the *Code of Civil Procedure,* the antideficiency statutes, and other relevant borrower protections, (*see Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134; *Cooper v. Burch*, 3 Cal.App. 470, 471 (1906); *Crisman v. Lanterman*, 149 Cal. 647 (1906); *Hibernia S. L. Soc. v. Thornton*, 109 Cal. 427 (1895));
    c. under *Hibernia* and its progeny, Defendant has no further right of action on the note or deed of trust.
2. In the alternative, cancellation of the deed of trust and loan.
3. In the alternative, cancellation of the loan.
4. Plaintiff's attorneys' fees;
5. Plaintiff's costs of suit.

**<u>On the Fourth and Seventh Causes of Action:</u>**

1. A judicial declaration declaring *inter alia* that:
    a. Defendant has materially breached the Deed of Trust's conditions precedent to acceleration and commencement of its invocation of a power of sale;
    b. The Notice of Default recorded by Defendant's agents materially violate section 2924.17 of the *California Civil Code*;

c. That subdivision (e)(1) of section 2934f of the *California Civil Code* bars Defendant and its agents from the recordation of any notice of sale that seeks to set a date of sale prior to October 26, 2026; and/or

d. That Defendants and its agents are unable to truthfully record a deed under subdivision (c) of section 2924 of the California Civil Code.

2. Plaintiff's attorneys' fees;
3. Plaintiff's costs of suit.

**On the Fifth and Sixth Causes of Action:**

1. An order enjoining Defendant and its agents from taking any further action on the May 22, 2026 Notice of Default.
2. An order enjoining Defendant and its agents from recording a deed under subdivision (c) of section 2924 of the *California Civil Code* in association with any sale attempted pursuant to the May 22, 2026 Notice of Default.
3. In the alternative, an order enjoining Defendant and its agents from the recordation of any notice of sale that seeks to set a date of sale prior to October 26, 2026.
4. Plaintiff's attorneys' fees;
5. Plaintiff's costs of suit.

Dated: August 18, 2026 **LESCHES LAW**

/s/ Levi Lesches
Levi Lesches
Attorneys for Plaintiff Azria Family Trust dated August 11, 1995, as amended and restated December 28, 2017, by and through its successor co-Trustees Joyce J. Azria and Michael H. Azria.